United States District Court
Middle District of Florida
Jacksonville Division

**NATIONAL TRUST INSURANCE COMPANY,**

*Plaintiff/Counter-defendant,*

v.                                                                              NO. 3:16-CV-695-J-34PDB

**PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY,**

*Defendant/Counterclaimant.*

___

## Order Granting in Part Plaintiff's Motion to Strike

In this case, the plaintiff seeks declaratory judgment on an insurance-coverage dispute. Doc. 2. A summary of the allegations is in the Court's December 9, 2016, order denying the defendant's motion to dismiss for improper venue or to transfer the case to another district. Doc. 25. Now before the Court is plaintiff's motion to strike defenses from the responsive pleading. Doc. 22.

The defenses state:

First Affirmative Defense and Motion to Dismiss

[The defendant] pleads improper venue as a defense to [the plaintiff's] claims against [the defendant] and moves the Court to enter an Order dismissing all of [the plaintiff's] claims against [the defendant] pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, as set forth in [the defendant's] Motion to Dismiss (Doc. 12).

Second Affirmative Defense and Motion to Transfer

In the alternative, [the defendant] moves that this action be transferred, pursuant to 20 U.S.C. §§ 1404(a) and 1406(a) in order to transfer venue to the United States District Court for the Western District of North Carolina in the interest of justice and for the convenience of the

witnesses if [the defendant's] Motion to Dismiss for improper venue is denied, as set forth in [the defendant's] Motion to Transfer (Doc. 12).

### Third Affirmative Defense

[The defendant] pleads the terms and conditions of the policy of insurance issued by [the plaintiff], policy number CPP 0011051-01, to Linear Masonry, Inc. against [the plaintiff's] request for declaratory judgment that there is no coverage under the [plaintiff's] [p]olicy for any of the underlying claims and underlying actions against Linear.

Doc. 20 at 10–11 (capitalization altered).

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court usually will not strike something from a pleading unless it does not have any possible connection to the controversy and might prejudice a party if it remains. *Assa Compania De Seguros, S.A. v. Codotrans, Inc.*, 15 F. Supp. 3d 1271, 1275 (S.D. Fla. 2014).

Because the first and second defenses served as the bases for the motion to dismiss, which the Court has denied, Doc. 25, the Court **grants** the plaintiff's motion with respect to the first and second defenses. They are deemed stricken. Because the third defense relates to the case insofar as it references a policy underlying the dispute and, even if confusing, causes the plaintiff no prejudice, the Court **denies** the plaintiff's motion with respect to the third defense.

**Ordered** in Jacksonville, Florida, on January 12, 2017.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record