**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATIONAL TRUST INSURANCE COMPANY,

    Plaintiff,

v.                                                           Case No. 3:16-cv-695-J-34PDB

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY,

    Defendant.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte.  Plaintiff National Trust Insurance Company (National Trust) initiated the instant action on May 6, 2016, by filing a one-count Complaint for Declaratory Relief (Doc. No. 2) in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.  Defendant Pennsylvania National Mutual Casualty Insurance Company (Penn National) removed the action to this Court on June 6, 2016 (Doc. No. 1).  Subsequently, on November 11, 2016, Penn National filed its Answer, Affirmative Defenses, and Counterclaims (Doc. No. 20; Counterclaim).

    Upon review, the Court finds that the Counterclaim constitutes an impermissible "shotgun pleading."  A shotgun pleading contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321, n 11 (11th Cir. 2015) (collecting cases).  As a result, "most of the counts . . . contain irrelevant factual allegations and legal

conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Counts II and III of the Counterclaim "incorporate[] herein by reference all of the preceding allegations contained in this Complaint . . . ." See Counterclaim ¶¶ 35, 41.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Accordingly, it is hereby

**ORDERED**:

1. Penn National's Counterclaims, set forth on pages 11-20 of its Answer, Affirmative Defenses, and Counterclaims (Doc. No. 20) are **STRICKEN**.

2. Penn National shall file an amended counterclaim consistent with the directives of this Order on or before **March 20, 2017**.

3. National Trust shall respond to the amended counterclaim in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on March 8, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record