**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATIONAL TRUST INSURANCE COMPANY,

       Plaintiff,

v.                                                     Case No. 3:16-cv-695-J-34PDB

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY,

       Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff National Trust Insurance Company's Motion to Dismiss or, in the Alternative, Strike Portions of Defendant's Amended Counterclaim [DKT. 029] [sic] (Doc. 30; Motion), filed on March 31, 2017. Defendant/Counter-Plaintiff Pennsylvania National Mutual Casualty Insurance Company (Penn National) filed a response on April 14, 2017. See Defendant's Response in Opposition to Plaintiff's Motion to Dismiss or, in the Alternative, Strike Portions of Defendant's Amended Counterclaim [Doc. 29] [sic] (Doc. 32; Response). Upon review of the parties' filings, the Court finds that there is a substantial question regarding its subject matter jurisdiction over Count I of Defendant's Amended Answer and Amended Counterclaim (Doc. 29; Counterclaim). In Count I, Penn National seeks a declaration that it had no obligation to defend and indemnify Linear Masonry, Inc. (Linear) in an underlying

action, and that National Trust Insurance Company (NTIC) did have such an obligation. Id. ¶54.

"The declaratory judgment remedy is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and adjudication would serve a useful purpose." Allstate Ins. Co. v. Emp'rs Liab. Assurance Corp., 445 F.2d 1278, 1280 (5th Cir. 1971).[1] "The statutory standard for determining whether an 'actual controversy' exists within the meaning of the Declaratory Judgment Act is the same as that under the 'case or controversy' requirement of the Constitution." Hendrix v. Poonai, 662 F.2d 719, 721 (11th Cir. 1981); see also Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co., 850 F.2d 1489, 1491 (11th Cir. 1988) ("the jurisdictional limits under the Declaratory Judgment Act mirror those found [in the] Constitution …"). Accordingly, because the "actual controversy" requirement is jurisdictional, "a threshold question in an action for declaratory relief must be whether a justiciable controversy exists." U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991).

"The Article III case or controversy requirement sets fundamental limits on the federal judiciary's power in our society." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999). Notably, "[o]ne of the most important . . . constitutionally-based limits is the requirement that a litigant have 'standing' to invoke the power of a federal court." Id. In order to establish standing for purposes of Article III, a plaintiff must show, at "an irreducible minimum[,]" first, that "he has suffered an injury in fact that is (a) concrete

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

and particularized and (b) actual or imminent, not conjectural or hypothetical;" second, that "the injury is fairly traceable to conduct of the defendant;" and third, that "it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." Kelly v. Harris, 331 F.3d 817, 819-20 (11th Cir. 2003) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Notably, "[w]here the plaintiff seeks declaratory or injunctive relief, . . . the injury-in-fact requirement insists that a plaintiff 'allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" Strickland v. Alexander, 772 F.3d 876, 883 (11th Cir. 2014) (citing Malowney, 193 F.3d at 1346). That is, "'[i]njury in the past . . . does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment.'" Interstate Fire & Cas. Co. v. Kluger, Peretz, Kaplan & Berlin, P.L., 855 F. Supp. 2d 1376, 1380 (S.D. Fla. 2012) (quoting Malowney, 193 F.3d at 1347)).[2]

In the insurance context, "[w]here an insurer has already paid out a claim under its policy, and seeks contribution from a co-insurer for the expense, declaratory relief concerning the priority of the insurers' policies is unavailable because such declaratory relief concerns only past events, not future injury." Hous. Enter. Ins. Co v. Amtrust Ins. Co. of Kan., Inc., 212 F. Supp. 3d 1330, 1338 (N.D. Ga. 2016); see also Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP, 609 F. App'x 972, 979 (11th Cir. 2015) (finding that the allocation of costs as between two insurers became moot upon payment of the settlement because "a declaration could not have had any bearing on the parties' future conduct.");

---

[2] Notably, in Interstate, the court dismissed an insurer's claims for declaratory relief due to lack of standing, even though the insurer also asserted separate claims for indemnification and contribution. Interstate Fire, 855 F. Supp. 2d at 1379.

3

Interstate Fire, 855 F. Supp. 2d at 1380.³  In Count I of the Counterclaim, Penn National asks the Court to declare the parties' rights and obligations with respect to a claim that Penn National has already paid.  Id. ¶¶44, 54.  Based on the injury in fact rule, the Court questions whether it has subject matter jurisdiction over Count I of the Counterclaim.  The Court will set a hearing to address this issue, as well as to resolve the issues raised in the Motion.  Accordingly, it is

**ORDERED**:  This matter is set for a **HEARING** on Plaintiff National Trust Insurance Company's Motion to Dismiss or, in the Alternative, Strike Portions of Defendant's Amended Counterclaim [DKT. 029] (Doc. 30) on **Thursday, March 8, 2018, at 2:00 p.m.** before the undersigned at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, 32202, in Courtroom 10B. ⁴

**DONE AND ORDERED** in Jacksonville, Florida, on March 2, 2018.

MARCIA MORALES HOWARD
United States District Judge

LC25
Copies to:
Counsel of Record

---

³ See also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Int'l Wire Grp., No. 02 Civ. 10338(SAS), 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003) (finding a declaratory judgment inappropriate where an insurer did "not seek a prospective determination of its rights and responsibilities under the insurance contract (so that it can avoid future damages), but rather a finding that it is not liable for damages alleged to have already accrued.").

⁴ All persons entering the Courthouse must present photo identification to the Court Security Officers. Attorneys may bring cell phones, laptop computers, and similar electronic devices into the Courthouse upon presentation of a Florida Bar card or Order of special admission pro hac vice. See General Order, Doc. 1, No. 6:13-mc-94-Orl-22.  However, all cell phones must be turned off while in the courtroom.